MORGAN COUNTY, Plaintiff in Error, *vs.* B. F. LUTMAN, *et al.*,
Defendants in Error.

1. *Bond of county collector—Suit on—Allegations—What sufficient.*—In suit on
the bond of a county collector for failure to pay over taxes collected by him,
where the petition shows when his bond was filed, for what years the taxes
collected were due, that they were collected while he was collector, and in
his official capacity, and were not accounted for, and such collection and fail-
ure are specially assigned as constituting the breach complained of, the peti-
tion will not be held insufficient on demurrer for failure to state in terms for
what period defendant was elected, or his bond given, or whether the collec-
tions were made during his official term, or that he ever received any credit
on account of such taxes.

*Error to Morgan Circuit Court.*

*A. W. Anthony,* for Plaintiff in Error.

*Pemberton & Wray,* for Defendants in Error, cited : Baker
vs. Berry, 37 Mo. 305.

HOUGH, Judge, delivered the opinion of the court.

This was a suit against B. F. Lutman, and others, his sureties
on his official bond, as collector of the revenue in Morgan
county.

It is substantially alleged in the petition that the defendant,
B. F. Lutman, had been duly elected sheriff of Morgan county,
and being *ex officio* collector of the revenue in and for said
county, qualified as such, and on the 21st day of November, 1868,
filed his bond as collector, with his co-defendants as sureties, in
the office of the clerk of the county court of said county, and that
it was duly approved and recorded ; that the condition of said
bond was, that the said Benjamin F. Lutman should faithfully
and punctually collect and pay over all the State and county
revenue by him collected, and should in all things perform all the
duties of said office of collector in the manner prescribed by law ;
that said collector violated the conditions of his said bond in that he
collected, in his official capacity as collector, a large amount of State
and county taxes for the years 1868, 1869 and 1870, from sundry
persons, tax payers in said county, who were named in the peti-
tion together with the amounts severally collected from them, giv-

ing his receipt therefor, and that said collector failed and refused to pay the same over according to law, and falsely and fraudulently returned the taxes so collected by him as delinquent. Judgment was asked for the penalty of the bond, and that execution issue for the amount due.

The defendants demurred to the petition on the following ground: that it failed to state for what year or years the defendant Lutman was elected, and for what year or years his bond was given; that it did not appear when said collections were made, whether within the time for which he was elected and gave bond, or before or since; and that it was not averred that said Lutman ever received any credit on account of taxes alleged to have been wrongfully retained by him. The demurrer was sustained, and, the defendant refusing to amend, final judgment was entered thereon for the defendants, and the plaintiff brings the case here by writ of error.

The bond given by the defendants was for the faithful performance, by Lutman, of his duties as collector, and it is not very material to know the date of the beginning and expiration of his term of office, provided, it is distinctly alleged that, while he was collector he collected taxes in his official capacity as such, and failed and refused to account for them. By referring to the statements of the petition, it will be seen that such collection and failure are specially assigned as constituting the breach of the bond complained of; and this disposes also of the second ground of demurrer. As to the third ground, we think it is without force. His failure to get a fraudulent credit would not relieve him from liability for taxes collected and fraudulently withheld by him.

The statements in the petition are neither as explicit, nor as orderly as they might have been, but we do not feel at liberty to pronounce them insufficient in law.

The judgment will be reversed and the cause remanded. All the judges concur.